IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURENCE CHARLES SAUERS, III, "TREY", LAURENCE CHARLES SAUERS, II, and CAROL JONES SAUERS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:15CV427 |
| WINSTON-SALEM/FORSYTH COUNTY BOARD OF EDUCATION, JULIA EDMONDS, individually and in her official capacity, KAYE HUNTER, individually and in Her official capacity, BRAD ROYAL, individually and in his official capacity, ELLEN WESTON, individually and in her official capacity, KARA RICHARDSON, individually and in her official capacity, MARY TODD ALLEN, individually and in her official capacity, TINA RAMSEY, individually and in her official capacity, SAM DEMPSEY, individually and in his official capacity, GRETCHEN TROUTMAN, individually and in her official capacity, JONATHAN L. GARWOOD, individually and in his official capacity, MORGAN C. THETEROW, individually and in her official capacity, MARTHA C. TEDROW, individually and in her official capacity, and DR. KENNETH SIMINGTON, individually and in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion for Summary Judgment filed by Defendants Julia Edmonds, Kaye Hunter, Ellen Weston, Kara Richardson, Tina Ramsey, Gretchen Troutman, Jonathan L. Garwood, and Martha C. Tedrow (collectively the "School Defendants"), (Doc. 71), to which Plaintiffs have responded, (Doc. 78), and the School Defendants have replied, (Doc. 81). Further, the School Defendants have filed a related Motion to Strike, (Doc. 79), to which Plaintiffs have responded, (Doc. 85), and School Defendants have replied, (Doc. 86). These motions are ripe for adjudication and for the reasons stated herein, this court will grant the School Defendants' Motion for Summary Judgment as well as their Motion to Strike in part.

I. **PROCEDURAL HISTORY**

At the motion to dismiss stage, this court dismissed all claims pending against the School Defendants with the exception of Plaintiff Laurence Charles Sauers, III ("Trey")'s negligent infliction of emotional distress ("NIED") claim,[1] which was dismissed on public officer immunity grounds against School

---

[1] While Plaintiff Trey's parents are parties to his IDEA claim, which is addressed by this court in a separate contemporaneous order, the tort claims over which this court has supplemental jurisdiction are his alone. (First Amended Complaint ("First Am. Compl.") (Doc. 4) ¶¶ 96-103.)

Defendants Mary Todd Allen, Sam Dempsey, Brad Royal, and Dr. Kenneth Simington, but remains pending as to School Defendants Julia Edmonds, Kaye Hunter, Ellen Weston, Kara Richardson, Tina Ramsey, Gretchen Troutman, Jonathan Garwood, and Martha Tedrow. Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ., 179 F. Supp. 3d 544, 559 (M.D.N.C. 2016).

II. **LEGAL STANDARD**

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issue of material facts exists, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of initially demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial. However, this requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts"; the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations and footnote omitted) (quoting Fed. R. Civ. P. 56).

"'A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . .' 'Conclusory or speculative allegations do not suffice' to oppose a properly supported motion for summary judgment, 'nor does a mere scintilla of evidence.'" Matherly v. Andrews, 859 F.3d 264, 280 (4th Cir.) (citations omitted), cert. denied, ___ U.S. ___, 138 S. Ct. 399 (2017).

In considering a motion for summary judgment, the court is not to weigh the evidence, but rather must determine whether there is a genuine dispute as to a material issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Further, the court must ensure that the facts it considers can be "presented in a form that would be admissible in evidence" and that any affidavits or evidence used to support or oppose a motion are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." See Fed. R. Civ. P. 56(c)(2), (4).

The court must view the facts in the light most favorable to the nonmoving party, drawing inferences favorable to that party if such inferences are reasonable. Anderson, 477 U.S. at 255. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be

genuine. Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 248. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

## III. **ANALYSIS**

As this court noted at the motion to dismiss stage: "[I]n order to state a claim for negligent infliction of emotional distress, a plaintiff 'must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress.'" Sauers, 179 F. Supp. 3d at 554 (quoting Ennett v. Cumberland Cty. Bd. of Educ., 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010)). This court will grant the School Defendants' Motion for Summary Judgment as Plaintiff has failed to present facts to support a finding that the conduct of the School Defendants did in fact cause Plaintiff severe emotional distress. See Wells v. Liddy, 186 F.3d 505, 520 (4th Cir. 1999) ("Summary judgment is appropriate when a party, who would bear the burden on the issue at trial, does not forecast evidence sufficient to establish an essential element of the case . . . ."); Glenn v. Johnson, ___ N.C. App. ___, ___, 787 S.E.2d 65, 70 (2016) ("[S]ummary judgment in favor of defendants

on the NIED claim is proper where the evidence does not establish negligence by defendants or establishes that the alleged negligent conduct was not the foreseeable and proximate cause of plaintiff's severe emotional distress.").

The third element of the NIED claim for which Plaintiff must forecast evidence is that "the conduct did in fact cause the plaintiff severe emotional distress." See Sauers, 179 F. Supp. 3d at 554 (quoting Ennett v. Cumberland Cty. Bd. of Educ., 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010)). Plaintiff contends that there is a "genuine issue of material fact as to whether the Individual Defendants' conduct in fact did cause Plaintiff Trey extreme emotional distress." (Pls.' Resp. in Opp'n to Def. Winston-Salem Forsyth Cty. Board of Educ.'s Resp. to Pls.' Mot. for Summ. J. ("Pls.' Resp.") (Doc. 78) at 13.)[2] In support of this position, Plaintiff cites to three pieces of evidence: (1) his expert disclosures; (2) an expert report of Dr. Andrew P. Smiler; and (3) an expert report of Dr. Doreen L. Hughes. (Id., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8); Ex. 9, Letter from Dr. Smiler (Doc. 78-10); Ex. 8, Consultation Report (Doc.

---

[2] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

78-9).) Defendants have moved to strike all three of these documents. (Mem. in Supp. of Individual Sch. Defs.' Mot. to Strike ("Defs.' Mot. to Strike Mem.") (Doc. 80) at 8-9.) Because a determination of whether Plaintiff has presented facts that may be considered in determining this motion, see Fed. R. Civ. P. 56(c)(1), the court accordingly considers the pertinent motion to strike as an initial matter. For purposes of this summary judgment motion, the relevant motion to strike relates to Dr. Hughes, Dr. Smiler, and Plaintiff's Expert Disclosures, as Plaintiff alleges these facts as establishing the third element.

### A. Motion to Strike Expert Reports

The School Defendants assert that, while Dr. Hughes was disclosed as a possible expert witness, Dr. Smiler was not. (Defs.' Mot. to Strike Mem. (Doc. 80) at 9.) The School Defendants further contend that Plaintiff's expert disclosures do not satisfy Rule 26. (Id. at 8.)

First, the School Defendants contest the admissibility of Dr. Smiler's expert report. (Pls.' Resp., Ex. 9, Letter from Dr. Smiler (Doc. 78-10).) The School Defendants allege, and Plaintiff does not contest, that Plaintiff never disclosed Dr. Smiler as an expert witness. (Pls.' Resp., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8).) Rule 26(a)(2)(A) requires the

disclosure of expert witnesses who may testify at trial. Further, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Plaintiff has not offered any reason that might explain how the non-disclosure of Dr. Smiler is either substantially justified or harmless. Nor does this court find any reason to believe that the non-disclosure is substantially justified or harmless. S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (considering the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence"). Accordingly, pursuant to Rule 37(c)(1), Plaintiff will not be allowed to use Dr. Smiler's information as evidence in opposition to the School Defendants' Motion for Summary Judgment.

Next, the School Defendants contest the admissibility of Dr. Hughes's expert report. (Pls.' Resp., Ex. 8, Consultation Report (Doc. 78-9).) Again, the School Defendants allege and Plaintiff does not contest that, while Dr. Hughes was identified as an expert, no expert report was disclosed under Rule 26(a)(2)(B). (Pls.' Resp., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8) at 2-3.) Plaintiff, in his Expert Disclosures, states, "no experts have been specially retained to provide expert testimony in this case and that, as such, no expert reports are required under Rule 26(a)(2)." (Id. at 4.) Plaintiff, in making that statement, apparently relies on Rule 26(a)(2)(B), which provides that "if the witness is one retained or specially employed to provide expert testimony in the case," the expert witness disclosure must be accompanied by a written report. With respect to Dr. Hughes's opinion offered in the report, this court finds that Dr. Hughes was retained or specially employed.

In determining whether an expert witness is "retained or specially employed," courts have required treating physicians who give opinions formed outside the scope of the patient's treatment and diagnosis to file an expert report. See, e.g., Litman v. George Mason Univ., 5 F. Supp. 2d 366, 377-78 (E.D. Va. 1998) (excusing physician from filing a Rule 26(A)(2)(B) report provided that he did not testify to matters outside of

the scope of the treatment provided), aff'd, 186 F.3d 544 (4th Cir. 1999), cert. denied, 528 U.S. 1181 (2000); Hall v. Sykes, 164 F.R.D. 46, 48-49 (E.D. Va. 1995) ("However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based on factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report."); Haga v. L.A.P. Care Servs., Inc., No. 1:01CV00105, 2002 WL 1754485, at *2 (W.D. Va. July 29, 2002) ("One line of cases [analyzing Rule 26(a)] deals with the testimony of treating physicians and draws a distinction between testimony rendered based on the treatment of the patient and testimony that is based on factors that are outside of the treatment relationship. In the former context, the expert is not considered 'retained or specially employed,' but in the latter situation, Rule 26(a)(2) requires a written report of the expert's opinion." (citations omitted)).[3]

---

[3] See also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011); Brooks v. Union Pac. R.R. Co., 620 F.3d 896, 900 (8th Cir. 2010); Meyers v. Nat'l R.R. Passenger Corp. (Amtrak), 619 F.3d 729, 734-35 (7th Cir. 2010); Brumfield v. Hollins, 551 F.3d 322, 330-31 (5th Cir. 2008); Fielden v. CSX Transp., Inc., 482 F.3d 866, 870-72 (6th Cir. 2007), as amended on denial of reh'g and reh'g en banc, (July 2, 2007); Westerdahl v. Williams, 276 F.R.D. 405, 408-09 (D.N.H. 2011).

Dr. Hughes's report summarizes two sixty-minute consultations with Trey. (Pls.' Resp., Ex. 8, Consultation Report (Doc. 78-9) at 1.) In addition to the two consultations, Dr. Hughes's report references additional information she considered, including: information from Trey's private school, Kildonan, from 2013-2014; an assignment Trey completed in the spring of 2014; and "information from Mrs. Sauers related to her concerns." (Id.) In addition to adding a diagnosis of Posttraumatic Stress Disorder ("PTSD"), the report states that "[a]s a result of this new information, my opinion is that if Trey had returned to public school in 2013, it would have been very detrimental in multiple ways, most significantly to his emotional and physical health and well-being." (Id. at 2.) The ultimate conclusion offered by the report appears to be tailored to the Sauers' IDEA claim seeking reimbursement for Trey's private school tuition rather than an assessment of his current mental health, evidencing that Dr. Hughes's opinion offered in the report went beyond the scope of the treatment provided. Even if Dr. Hughes was not compensated for her production of this report or anticipated expert testimony at trial, because she considered material obtained outside of her treatment of Trey in offering her opinion, she was subject to Rule 26(a)(2)'s written report requirement. Plaintiff has failed to disclose an expert

report as required by Rule 26(a)(2) and has not offered any basis for this court to believe that this non-disclosure was either substantially justified or harmless. Accordingly, Plaintiff will, pursuant to Rule 37(c)(1), not be allowed to use Dr. Hughes's information as evidence in opposition to the School Defendants' Motion for Summary Judgment.

Furthermore, this court notes that, to the extent Plaintiff cites Dr. Hughes's report as creating a genuine factual dispute as to the causation element of his NIED claim, there is no support within the report for the individual School Defendants being the cause of Trey's PTSD. Instead the report states

> Quotations from the school report and from Trey's essay are included in this note, as they represent important information utilized to arrive at the recommendations and the added diagnosis of Posttraumatic Stress Disorder. Though Trey was not overtly threated with death, he believed that he would die as a result of the unbearable situations in which he found himself at public school.

(Pls.' Resp. Ex. 8, Consultation Report (Doc. 78-9) at 1.) The report does not mention any of the individual defendants nor does it attribute causation of Trey's PTSD diagnosis to teachers in general. The report instead states that Trey "believed that he would die as a result of the unbearable situations in which he found himself at public school." (Id.) Such material is insufficient to create a genuine dispute as to a material fact with respect to the causation element of Plaintiff's NIED claim.

See Sakaria v. Trans World Airlines, 8 F.3d 164, 172-73 ("In a long line of decisions in this circuit, we have emphasized that proof of causation must be such as to suggest 'probability' rather than mere 'possibility,' precisely to guard against raw speculation by the fact-finder." (citation omitted)) (collecting cases); Miller v. Mandrin Homes, Ltd., 305 F. App'x 976, 979 (4th Cir. 2009); Textron Inc. v. Barber-Colman Co., 903 F. Supp. 1558, 1565 (W.D.N.C. 1995).

**B. Motion to Strike Expert Disclosures**

Finally, the School Defendants contest the consideration of Plaintiff's Expert Disclosures in deciding this summary judgment motion. Those disclosures were attached to Plaintiff's brief in opposition to the School Defendants' Motion for Summary Judgment. (Pls.' Resp., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8); Defs.' Mot. to Strike Mem. (Doc. 80) at 8.) The School Defendants contend that this is "not an evidentiary document allowed for consideration at summary judgment." (Defs.' Mot. to Strike Mem. (Doc. 80) at 8 (citing Fed. R. Civ. P. 56(c)(1)(A)).) The School Defendants further argue that the disclosures do not satisfy the requirements of Rule 26 because "a summary of the facts and opinions to which the witness is expected to testify" was not disclosed. (Id. at 8-9 (citing Fed.

R. Civ. P. 26(a)(2)(C)(ii).) Finally, the School Defendants argue that:

> [T]o the extent Plaintiffs seek to use this document as evidence that medical and psychological experts have diagnosed Trey with PTSD as a result of bullying he experienced during middle school, it utterly fails. The document is not sworn or verified by any of the named experts and it does not include any information obtained through their personal knowledge or observation – in short, it simply does not meet the requirements of an affidavit and it must be stricken.

(Id. at 9.)

Plaintiff responds that "Rule 56(c)(2) only allows a party to object to the other party's evidence if it cannot be presented in an admissible form." (Pls.' Mem. of Law in Opp'n to the Individual Defs.' Mot. to Strike (Doc. 85) at 8.) Plaintiff further states, "[t]o the extent that the Individual Defendants seek to challenge the adequacy of the expert designation, they certainly had the opportunity to move for a more definitive designation prior to the close of discovery, which they did not do." (Id. at 9.) Plaintiff fails to recognize his burden as the proponent of the evidence in dispute. See Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

First, Plaintiff's expert disclosures, (Pls.' Resp., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8)), are not evidence nor can that disclosure be presented in a form that would be admissible at trial as required by Rule 56(c)(1) and (2). Those disclosures are simply counsel's summary of anticipated testimony from various witnesses.[4] These statements by counsel are clearly inadmissible hearsay. See Fed. R. Evid. 801(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) ("Summary judgment affidavits cannot . . . be based upon hearsay."). In its current form, the alleged testimony of these witnesses cannot be considered by this court.

Second, even assuming this court could consider these expert disclosures as factual evidence as to this summary judgment motion, none of the proffered evidence supports a finding as to the NIED claim that "the conduct did in fact cause the plaintiff severe emotional distress." Sauers, 179 F. Supp. 3d at 554. Instead, the proffered testimony is that the witnesses will testify concerning Plaintiff's "evaluations,

---

[4] Similarly, Plaintiff's brief claims that the expert disclosures identify "six expert witnesses whom they expect to call at trial, and who agree that Plaintiff Trey suffers from [PTSD] as a result of bullying he experienced at the hands of the students and teachers at Jefferson Middle School." (Pls.' Resp. (Doc. 78) at 13-14.) This statement is counsel's summary of anticipated witness testimony and inadmissible hearsay. See Fed. R. Evid. 801(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

- 15 -

treatments, diagnosis, causation, and prognosis[.]" (Pls.' Resp., Ex. 7, Pl.'s Expert Disclosures (Doc. 78-8) at 2-3.) None of the proffered testimony establishes the presence of evidence to support a finding that the School Defendants' conduct caused Plaintiff severe emotional distress. As such, these expert disclosures, even if admissible, do not create a genuine issue of fact.

Finally, the question becomes whether or not the disclosures are sufficient to establish the proffered evidence may or may not be presented in a form admissible at trial. Even assuming the witnesses could be called at trial, there is no basis upon which to find that the witnesses could testify to admissible facts to establish a causal relationship between the School Defendants' conduct and Plaintiff's emotional distress.

Plaintiff has offered no explanation as to how the Expert Disclosure may be presented in admissible form. Because Plaintiff, the proponent of the evidence and the party bearing the burden, has failed to meet his burden, this court will grant Defendants' motion to strike Plaintiff's expert disclosures. See Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment; Hill v. Equifax Info. Servs., LLC, 974 F. Supp. 2d 865, 868-69 (M.D.N.C. 2013) ("[W]here Plaintiff has presented no evidence, or even an inference, of the ability to present evidence in

admissible form, those facts cannot be considered in opposition to Defendant's motion for summary judgment.").

IV. **CONCLUSION**

In light of the resolution of the motion to strike in the School Defendants' favor, this court is unable to find that there is a genuine dispute as to a material fact with respect to an essential element of Plaintiff's NIED claim. Consequently, the School Defendants' Motion for Summary Judgment will be granted. See Liddy, 186 F.3d at 520.

For the reasons stated herein, **IT IS HEREBY ORDERED** that the School Defendants' Motion for Summary Judgment, (Doc. 71), is **GRANTED** and that this case is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the School Defendants' Motion to Strike, (Doc. 79), is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the portion of the School Defendants' Motion to Strike, (Doc. 79), not addressed by this Memorandum Opinion and Order is **DENIED AS MOOT.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 30th day of March, 2018.

_____
United States District Judge